UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN INSTITUTE FOR TRUTH IN ADVERTISING, INC.,<br><br>                    Plaintiff,<br>v.<br><br>TOTAL HEALTH NETWORK CORP.,<br><br>                    Defendant. | No. 17-cv-2830 (KBJ) |

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTER-CLAIM OF
DEFENDANT, TOTAL HEALTH NETWORK CORP.**

Pursuant to Rules 7, 12 and 13 of the Federal Rules of Civil Procedure and the Rules of this Court, defendant, Total Health Network Corp. ("Total Health") answers the Amended Complaint filed by Plaintiff, American Institute for Truth in Advertising, Inc., now known as Institute for Truth in Marketing, Inc., ("Plaintiff" or "AIFTIA") and states as follows:

## I.      BACKGROUND

1.      Total Health admits that this purports to be an action under District of Columbia Protection Procedures Act ("CPPA"), D.C. Code §§ 28-3901 through -3913. The remainder of this paragraph consists of the Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Total Health denies the remaining allegations in paragraph 1.

2.      Admitted.

3.      Total Health admits that Mr., Jared Zecco ("Mr. Zecco") purported to purchase the listed products from Total Health. Total Health lacks sufficient knowledge to form a belief as to the truth of the allegations in paragraph 3.

4.      Total Health lacks sufficient knowledge to form a belief as to the truth of the allegations in paragraph 4.

5. Denied.

6. Denied.

7. This paragraph consists of the Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Total Health denies the allegations.

8. This paragraph consists of the Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Total Health denies the allegations.

9. This paragraph consists of conclusory statements regarding Plaintiff's reasons for bringing suit to which no response is required. To the extent a response is required, Total Health denies the allegations.

## JURISDICTION

10. Denied.

11. This paragraph consists of the Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Total Health lacks sufficient knowledge to form a belief as to the truth of the allegations in paragraph 11.

12. Denied.

## PARTIES

13. This paragraph contains Plaintiff's "mission statement" and history to which no response is required. To the extent a response is required, Total Health lacks sufficient knowledge to form a belief as to the truth of the allegations in paragraph 13.

14. The first sentence of paragraph 14 consists of the Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Total Health lacks sufficient knowledge to form a belief as to the truth of the allegations. Total Health admits the second sentence of paragraph 14.

## **LEGAL FRAMEWORK**

### **Federal Trade Commission Act**

15. This paragraph consists of the Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Total Health denies the allegations in paragraph 15.

16. This paragraph consists of the Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Total Health denies the allegations in paragraph 16.

17. This paragraph consists of the Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Total Health denies the allegations in paragraph 17.

18. This paragraph consists of the Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Total Health denies the allegations in paragraph 18.

19. This paragraph consists of the Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Total Health denies the allegations in paragraph 19.

### **D.C. Consumer Protection Procedures Act**

20. This paragraph consists of the Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Total Health denies the allegations in paragraph 20.

21. This paragraph consists of the Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Total Health denies the allegations in paragraph 21.

22. This paragraph consists of the Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Total Health denies the allegations in paragraph 22.

23. This paragraph consists of the Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Total Health denies the allegations in paragraph 23.

24. This paragraph consists of the Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Total Health denies the allegations in paragraph 24.

25. This paragraph consists of the Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Total Health denies the allegations in paragraph 25.

26. This paragraph consists of the Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Total Health denies the allegations in paragraph 26.

27. This paragraph consists of the Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Total Health denies the allegations in paragraph 27.

28. This paragraph consists of the Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Total Health denies the allegations in paragraph 28.

29. This paragraph consists of the Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Total Health denies the allegations in paragraph 29.

30. This paragraph consists of the Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Total Health denies the allegations in paragraph 30.

31. This paragraph consists of the Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Total Health denies the allegations in paragraph 31.

32. This paragraph consists of the Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Total Health denies the allegations in paragraph 32.

**FACTS GIVING RISE TO PLAINTIFF AIFTIA'S CLAIMS FOR RELIEF**

33. Total Health admits the first sentence of paragraph 33 and denies the remainder of the allegations.

**Country Life CoQ10**

34. Denied as incomplete and inaccurate characterization of Total Health's website presentation.

35. Total Health lacks sufficient knowledge to form a belief as to the truth of the allegations of paragraph 35.

36. Denied.

37. Total Health admits that Mr. Zecco made the alleged purchase using a credit card issued to an address in Rhode Island.

### Country Life High Potency Biotin

38. Denied as incomplete and inaccurate characterization of Total Health's website presentation.

39. Total Health lacks sufficient knowledge to form a belief as to the truth of the allegations of paragraph 39.

40. Denied.

41. Total Health admits that Mr. Zecco made the alleged purchase using a credit card issued to an address in Rhode Island.

### KAL Deep Thought

42. Denied as incomplete and inaccurate characterization of Total Health's website presentation.

43. Total Health lacks sufficient knowledge to form a belief as to the truth of the allegations of paragraph 43.

44. Denied.

45. Total Health admits that Mr. Zecco made the alleged purchase using a credit card issued to an address in Rhode Island.

### Doctors Best Bromelain

46. Denied as incomplete and inaccurate characterization of Total Health's website presentation.

47. Total Health lacks sufficient knowledge to form a belief as to the truth of the allegations of paragraph 47.

48. Denied.

49. Total Health admits that Mr. Zecco made the alleged purchase using a credit card issued to an address in Rhode Island.

### Healthy Origins Natural Krill Oil

50. Denied as incomplete and inaccurate characterization of Total Health's website presentation.

51. Total Health lacks sufficient knowledge to form a belief as to the truth of the allegations of paragraph 51.

52. Denied.

53. Total Health admits that Mr. Zecco made the alleged purchase using a credit card issued to an address in Rhode Island.

### Jarrow Formulas Quercetin

54. Denied as incomplete and inaccurate characterization of Total Health's website presentation.

55. Total Health lacks sufficient knowledge to form a belief as to the truth of the allegations of paragraph 55.

56. Denied.

57. Total Health admits that Mr. Zecco made the alleged purchase using a credit card issued to an address in Rhode Island.

### Life Extension Flor Assist Heart Health Probiotic

58. Denied as incomplete and inaccurate characterization of Total Health's website presentation.

59. Total Health lacks sufficient knowledge to form a belief as to the truth of the allegations of paragraph 59.

60. Denied.

61. Total Health admits that Mr. Zecco made the alleged purchase using a credit card issued to an address in Rhode Island.

### Olympian Labs 5-HTP Plus

62. Denied as incomplete and inaccurate characterization of Total Health's website presentation.

63. Total Health lacks sufficient knowledge to form a belief as to the truth of the allegations of paragraph 63.

64. Denied.

65. Total Health admits that Mr. Zecco made the alleged purchase using a credit card issued to an address in Rhode Island.

### Olympian Labs Evening Primrose

66. Denied as incomplete and inaccurate characterization of Total Health's website presentation.

67. Total Health lacks sufficient knowledge to form a belief as to the truth of the allegations of paragraph 67.

68. Denied.

69.     Total Health admits that Mr. Zecco made the alleged purchase using a credit card issued to an address in Rhode Island.

### Solgar B-Complex with Vitamin C Stress Formula

70.     Denied as incomplete and inaccurate characterization of Total Health's website presentation.

71.     Total Health lacks sufficient knowledge to form a belief as to the truth of the allegations of paragraph 71.

72.     Denied.

73.     Total Health admits that Mr. Zecco made the alleged purchase using a credit card issued to an address in Rhode Island.

### SUBSEQUENT EVENTS

74.     Total Health admits receiving a letter from Plaintiff dated August 1, 2017, and denies the characterizations expressed in the letter.

75.     Admitted.

76.     Denied as incomplete and inaccurate characterization of Total Health's website revisions.

77.     Total Health admits receiving a letter from Plaintiff dated September 5, 2017, and denies the characterizations expressed in the letter.

78.     Denied.

### COUNT I

### Claims for Violation of the CPPA.

79.     Total Health incorporates by reference its responses to paragraphs 1 – 78 above as if set forth fully herein.

80. This paragraph includes Plaintiff's conclusory statements regarding the state of law and meaning of D.C. Code § 28-3905(k)(1)(A) & (C) to which no response is required. To the extent a response is required, Total Health denies the allegations in paragraph 80.

81. This paragraph includes Plaintiff's conclusory statements regarding the state of law and meaning of D.C. Code § 28-3901(a)(2)(A) & (C) to which no response is required. To the extent a response is required, Total Health denies the allegations in paragraph 81.

82. This paragraph includes Plaintiff's conclusory statements regarding the state of law and meaning of D.C. Code § 28-3905(a)(14) to which no response is required. To the extent a response is required, Total Health denies the allegations in paragraph 82.

83. Total Health admits that Mr. Zecco made the alleged purchase using a credit card issued to an address in Rhode Island.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

## RELIEF REQUESTED

Total Health denies all other averments, allegations, or claims that must be admitted or denied that are not explicitly admitted. Total Health deny that Plaintiff, AIFTIA, is entitled to any relief.

## DEMAND FOR JURY TRIAL

Total Health demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state any claim or cause of action against Total Health upon which relief can be granted.

### Second Affirmative Defense

The Complaint is barred because AIFTIA lacks standing since it is not a D.C. corporation, instead it is a Delaware corporation whose president allegedly rents property in Washington D.C. Therefore, the conduct alleged in the complaint does not subject Total Health to jurisdiction in the District of Columbia under D.C. Code § 13-423. Specifically, several of the transactions were purchased with a personal credit card using a Rhode Island billing address.

### Third Affirmative Defense

The Complaint should be barred because AIFTIA used an insufficient sample size to determine the prevailing prices outlined in the Complaint.

### Fourth Affirmative Defense

Upon information and belief, Mr. Zecco purchased the materials referenced in the complaint on his personal credit card and had the materials shipped to his personal address. Therefore, this conduct does not constitute the "testing" outlined in D.C. Code § 28-3905(k)(1)(B).

### Fifth Affirmative Defense

AIFTIA's claims under D.C. Code § § 28-3904(j) and (l) fail because the Manufacturer Suggested Retail Prices ("MSRP") listed on Total Health's website were based on information provided by the respective manufacturers. Even if there is a discrepancy between the sale price and MSRP, said discrepancy is the result of information provided to Total Health, not a fraudulent misrepresentation of the MSRP.

### Sixth Affirmative Defense

Total Health's decisions to mark down prices from the MSRP were within its rights as a seller of supplements and are therefore not actionable under any legal theory.

### Seventh Affirmative Defense

AIFTIA's alleged damages resulted from its own conduct, and therefore, is barred from recovering damages from this defendant.

### Eighth Affirmative Defense

AIFTIA's claims are barred because the materials were obtained by fraudulent means in violation of D.C. Code §§ 28-3904(f), (f-1), and (g).

### Ninth Affirmative Defense

AIFTIA's claims are barred because it lacks standing to bring these claims.

### **DEFENDANT, TOTAL HEALTH FITNESS, INC.'S, COUNTERCLAIM**

Defendant, Total Health, for its Counterclaim against Counter-Claim Defendant, American Institute for Truth in Advertising, Inc., now known as Institute for Truth in Marketing, Inc., ("AIFTIA"), alleges on information and belief, as follows:

## INTRODUCTION/FACTS GIVING RISE TO CLAIMS

1. This Counterclaim arises out of AIFTIA's fraudulent misrepresentations in purchasing products from Total Health and misrepresentations made in AIFTIA's Amended Complaint.

2. Total Health is a New York corporation that sells vitamins and nutritional supplements throughout the United States.

3. AIFTIA purports to be a D.C.- based consumer protection group that seeks to weed out deceptive trade practices in the purchase and sale of goods. Despite these representations, AIFTIA was only recently created and is a Delaware Corporation.

4. Mr. Zecco is the President of AIFTIA and an individual who, according to purchase records, purchased products from Total Health using a credit card issued to a Rhode Island address.

5. AIFTIA falsely alleges that it purchased products from Total Health; however, the materials were purchased by Mr. Zecco on his personal credit card and sent to his personal address.

6. AIFTIA and Mr. Zecco used false representations to induce Total Health into selling products.

7. Upon information and belief, AIFTIA does not maintain any permanent offices in Washington, D.C. to entitle it to pursue claims in the District of Columbia.

8. AIFTIA falsely alleges that Total Health has advertised and sold vitamins, dietary supplements, and other products to consumers in the District of Columbia using false and deceptive price comparisons.

## JURISDICTION

9. The Court has subject matter jurisdiction because the underlying Amended Complaint was properly removed to this Court.

## COUNT I – FRAUD

10. Counter-Plaintiff, Total Health incorporates by reference all of the preceding paragraphs as though fully set forth herein.

11. AIFTIA falsely represented that it was a consumer purchasing materials for use.

12. AIFTIA's representations were in reference to material facts, specifically, related to the reasons for the purchase of products.

13. AIFTIA knew it and Mr. Zecco were making false representations to Total Health in an effort to induce Total Health into selling products.

14. Total Health, acting in reliance on the misrepresentations made by AIFTIA and Mr. Zecco, sold products to AIFTIA/Zecco.

15. As a result of the knowing misrepresentations made by AIFTIA, Total Health has and will continue to suffer damages.

WHEREFORE, Counter-Plaintiff, Total Health, demands judgment in its favor against Counter-Defendant, AIFTIA, including court costs and attorneys' fees, together with any such further relief this Court deems just and appropriate.

## COUNT II – FRAUDULENT MISREPRESENTATION

16. Counter-Plaintiff, Total Health incorporates by reference all of the preceding paragraphs as though fully set forth herein.

17. AIFTIA falsely represented that it was a consumer purchasing materials for use.

18. AIFTIA's representations were in reference to material facts, specifically, related to the reasons for the purchase of products.

19. AIFTIA knew it and Mr. Zecco were making false representations to Total Health in an effort to induce Total Health into selling products.

20. Total Health, acting in reliance on the misrepresentations made by AIFTIA and Zecco, sold products to AIFTIA/Zecco.

21. As a result of the knowing misrepresentations made by AIFTIA, Total Health has and will continue to suffer damages.

WHEREFORE, Counter-Plaintiff, Total Health, demands judgment in its favor against Counter-Defendant, AIFTIA, including court costs and attorneys' fees, together with any such further relief this Court deems just and appropriate.

### COUNT III – D.C. CONSUMER PROTECTION PROCEDURES ACT

22. Counter-Plaintiff, Total Health, incorporates by reference all of the preceding paragraphs as though fully set forth herein.

23. The CPPA makes it unlawful "whether or not any consumer is in fact misled, deceived or damaged thereby, for any person to: . . . **(g)** disparage the goods, services, or business of another by false or misleading representations of material facts." D.C. Code § 28-3904(g).

24. The CPPA defines "person" as "an individual, firm, corporation, partnership, cooperative, association, or any other organization, legal entity, or group of individuals however organized." D.C. Code § 28-3901(a)(l).

25. The CPPA allows for "[t]reble damages, or $1,500 per violation, whichever is greater," as well as "[r]easonable attorney's fees, [a]n injunction against the use of the unlawful trade practice," and " [a]ny other relief which the court deems proper." D.C. Code § 28-3905(k)(2).

26. Counter-Defendant AIFTIA repeated disparagement of Counter-Plaintiff Total Health's by claiming that Total Health advertised and sold vitamins, dietary supplements, and other products to consumers in the District of Columbia using false and deceptive price comparisons. violated Counter-Plaintiff Total Health' s statutory rights under the CPPA.

WHEREFORE, Counter-Plaintiff, Total Health, demands judgment in its favor against Counter-Defendant, AIFTIA, including statutory civil penalties in the amount of $1,500 for each violation of the CPPA, court costs and attorneys' fees, together with any such further relief this Court deems just and appropriate.

This 7th day of June, 2018

Respectfully submitted,

_____
Paul E. Gutermann
Law Offices of Paul Gutermann
9901 River View CT
Potomac, MD 20854
D.C. Bar No. 338352

Counsel for Total Health Network, Corp.

**CERTIFICATE OF SERVICE**

I hereby certified that I have caused a copy of the foregoing, "Answer, Affirmative Defenses, and Counter-Claim of Defendant, Total Health Network Corp.," to be served by first class mail, postage prepaid and electronic mail to the following:

Douglas C. Melcher, Esq.
Of Counsel, Levin Law Group, LLP
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, DC 20015
dmelcher@melcherlaw.com
Counsel for Plaintiff

this 7th day of June, 2018.

_____
Paul E. Gutermann